NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLIANCE SHIPPERS, INC., | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| MIDLAND WEST, INC. | : | Civil Action 2:10-cv-03729 (DMC)(JAD) |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Midland West, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 12(b)(6), 12(b)(2) and 12(b)(3), as well as Defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the reasons stated herein, Defendant's motion to dismiss is **granted** with prejudice, and Defendant's motion for sanctions is **denied.**

## I.     BACKGROUND

Alliance Shippers, Inc. ("Plaintiff") is an intermodal freight transportation company headquartered in Englewood Cliffs, New Jersey. Midland West**,** Inc. ("Defendant") is a California corporation with a principal place of business in Montebello, California. Between 2005 and 2007, Plaintiff engaged Defendant to transport freight on behalf of Plaintiff's customers. Plaintiff alleges that with the exception of twelve shipments that form the basis of this case, Defendant paid all of

Plaintiff's invoices to Plaintiff's corporate headquarters in New Jersey. Plaintiff alleges that it is owed $29,410.20, an amount which Defendant disputes and claims was offset by overcharges and unpaid shipments.

In March, 2009 Plaintiff filed a complaint in the New Jersey Superior Court, Middlesex County, Docket No. MID-L-2642-09. Defendant moved to dismiss based on lack of personal jurisdiction. The motion was granted by the Superior Court by Order dated June 26, 2009. On Plaintiff's motion for reconsideration, the Superior Court issued an Order granting Plaintiff leave to obtain discovery on the issue of personal jurisdiction. Plaintiff's state court complaint was dismissed by Order, dated January 8, 2010. Although Plaintiff filed a notice of appeal, that appeal was withdrawn when the instant suit was filed in Federal court. The Federal case is entirely duplicative of the state court complaint.

## II.   <u>LEGAL STANDARD</u>

A. <u>Fed. R. Civ. P. 12(b)(1)</u> Rule 12(b)(1) provides for dismissal of an action based on lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). When the existence of subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden to show that the court has the requisite jurisdiction to hear the case. *See, e.g., Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005); *Mortensen v. First Federal Savings and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). In adjudicating such a Rule 12(b)(1) motion, the court may not presume that the plaintiff's allegations are true, but instead, must conduct an evaluation of the merits of the jurisdictional claims. *See, e.g., Hedges,* 404 F.3d at 750.

2

B.      Fed. R. Civ. P. 12(b)(2)

Pursuant to Fed.R.Civ.P. 4(e), a district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state where the district court sits. *See* Fed.R.Civ.P. 4(e). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 96 (3d Cir.2004). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citing N.J. Ct. R. 4:4–4(c)). Pursuant to Fed.R.Civ.P. 12(b)(2), a plaintiff must demonstrate by a preponderance of the evidence facts sufficient to support the assertion of personal jurisdiction over a defendant. *Ameripay, LLC v. Ameripay Payroll, Ltd.,* 334 F.Supp.2d 629, 632 (D.N.J.2004) (citing *Carteret Savings Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir.1992)). "A court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff[,]" for purposes of jurisdiction, plaintiff cannot rely on pleadings alone, but instead must provide actual proofs. *Id.* (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 66 n. 9 (3d 1984)). "Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." *Id.* (citing *Mellon Bank (East) PFSF, Nat'l Assoc. v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)). "Once challenged, a plaintiff bears the burden of establishing personal jurisdiction." *Pro Sports Inc. v. West,* 639 F.Supp.2d 475, 478 (D.N.J.2009) ( *citing General Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir.2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation.")).

C.      Fed. R. Civ. P. 12(b)(60 and *res judicata*

When a prior case has been adjudicated in state court, federal courts must give full faith and credit to the state court's judgment. 28 U.S.C. § 1738; *Balthazar v. Atlantic City Med. Ctr.,* 279 F.Supp.2d 574, 584 (D.N.J.2003). The doctrine of *res judicata* embodies this principal and bars re-litigation of an issue that has already been determined on the merits by a court of competent jurisdiction. *Balthazar* at 585. In order for *res judicata* to apply, there must [1] be a valid, final judgment on the merits in the prior action, [2] the same parties in both actions, and [3] the claim in the second action must arise out of the same transaction as the claim in the first action. *United States v. 5 Unlabled Boxes,* 572 F.3d 169, 173 (3d Cir.2009); *EEOC v. United States Steel Corp.,* 921 F.2d 489, 493 (3d Cir.1990). See *Alliance Shippers, Inc. v. Blue Line Distribution, Ltd.* 2010 WL 2951448, 2 (D.N.J.) (D.N.J.,2010).

D.     Fed. R. Civ. P. 11(b)

Federal Rule of Civil Procedure 11 sets out the standard that counsel and unrepresented parties must satisfy when filing pleadings, motions, or other documents. Whenever an attorney makes such a filing, he or she is certifying to the best of his or her knowledge, information, and belief, formed after reasonable inquiry under the circumstances, that:

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation;

(2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on a lack of information or belief.

This rule can be judicially viewed as "impos[ing] on counsel a duty to look before leaping" or as a "litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.' " *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 157 (3d Cir.1986). Stated differently, Rule 11 requires that an attorney who files a complaint certifies that there is a reasonable basis in fact and law for the claims. The clear purpose of the rule is to discourage the filing of frivolous, unsupported, or unreasonable lawsuits. The Court of Appeals for the Third Circuit has held that Rule 11 sanctions are appropriately imposed "only if the filing of the complaint constituted abusive litigation or misuse of the court's process." *Teamsters Local Union No. 430 v. Cement Exp., Inc.,* 841 F.2d 66, 68 (3d Cir.1988).

In this Circuit, "the legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." *Ford Motor Co. v. Summit Motor Prod., Inc.,* 930 F.2d 277, 289 (3d Cir.1991); *see also Teamsters Local Union No. 430* 841 at 68 (same). "Reasonableness" in the context of Rule 11 has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *Ford Motor Co.,* 930 F.2d at 289. Significantly, the moving party is not required to make a showing of bad faith. *Martin v. Brown,* 63 F.3d 1252, 1264 (3d Cir.1995). An "empty head, pure heart" excuse cannot be used by the accused party as justification for filing a frivolous motion. *Acevedo,* 2006 WL 2594877 at *2; *see also, Lanqer v. Monarch Life Ins. Co.,* 966 F.2d 786, 810 (3d Cir.1992). To comply with the mandates of Rule 11, counsel is required to conduct a "reasonable inquiry into both the facts and law supporting a particular pleading." *In re Prudential Ins. Co. Am.*

5

*Sales Practice Litig. Actions,* 278 F.3d 175, 187 n. 7 (3d Cir.2002).

  E.  <u>28 U.S.C. § 1927</u>

  It has been well settled in the Third Circuit that 28 U.S.C. § 1927 requires a finding of four elements for the imposition of sanctions: "(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *LaSalle Nat'l Bank v. First Connecticut Holding Group,* 287 F.3d 279, 288 (3d Cir.2002). *See Also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, 180 (3d Cir.2002); *Hackman v. Valley Fair,* 932 F.2d 239, 242 (3d Cir.1991); *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3rd Cir.1989); *Baker Industr. Inc. v. Cerberus, Ltd.,* 764 F.2d 204, 208 (3d Cir.1985). Moreover, "[T]he principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Zuk v. Eastern Pa. Psychiatric Inst.,* 103 F.3d 294, 297 (3d Cir.1996) (citation omitted). *See  In re Jazz Photo Corp.,* 312 B.R. 524, 540 (Bkrtcy.D.N.J.,2004).The imposition of sanctions for misconduct by attorneys is a power which the "courts should exercise only in instances of a serious and studied disregard for the orderly process of justice." *Williams v. Giant Eagle Markets, Inc.,* 883 F.2d 1184, 1191 (3d Cir.1989) (quoting *Overnite Transp. Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 795 (7th Cir.1983) (citation omitted)). As a precondition to the imposition of attorneys' fees under § 1927 a finding of "willful bad faith on the part of the offending attorney" is required. *Id.* As the Third Circuit explained, "to justify the imposition of excess costs of litigation upon an attorney his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation. The section is directed against attorneys who willfully abuse judicial processes." *Matsushita Battery Indus. Co., Ltd. v. Energy Conversion Devices, Inc.,* 1997

WL811563, 8 (D.Del.) (D.Del.,1997).

## III.   <u>DISCUSSION</u>

Defendant has moved the Court to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively 12(b)(2) or 12(b)(1). The Court finds that Defendant's arguments are meritorious on all three grounds, any one of which would have been sufficient to dismiss the instant complaint. The Court will briefly examine the analysis that each of these rules require, beginning, in no particular order, with Fed. R. Civ. P. 12(b)(1), the Court's lack of subject matter jurisdiction.

Plaintiff avers in their complaint that " subject matter jurisdiction of this action is under 28 U.S.C. 1331 and 1337." (Complaint,¶ 4, ECF Doc. 1), and avers in their reply to Defendant's motion that "federal question jurisdiction can provide the basis for personal jurisdiction."(ECF Doc. 24, Plaintiff's reply brief, page 7).  Defendant's contention that this case is not based on a federal question is supported by case law. In response to Defendant's motion challenging that basis as insufficient to confer subject matter jurisdiction, Plaintiff cites to a 1991 case from the Southern District of New York, *Herbstein v. Breutman*, 768 F. Supp. 79 (S.D.N.Y. 1991), as well as several cases not on point. The one case cited by Plaintiff that actually supports its contention is factually inapposite because the Court's finding of personal jurisdiction was not based on whether the claim involved a federal question, but instead held that the defendant contesting jurisdiction "realize[d] the benefits of New Jersey business, the impact of its activity is felt in New Jersey, and discovery would likely be divided between New Jersey, Indiana, and California." *AlliedSignal Inc. v. Blue Cross of California* 924 F.Supp. 34, 37 (D.N.J.,1996). This is in marked contrast to the instant case where the jurisdictional discovery allowed by the state court revealed no such contacts or effects. The Court finds these citations curious, especially in light of the fact that in another case quite

similar to the case at bar, a case that not coincidentally involved the same attorney that now represents Plaintiff in this action, the Court in the Eastern District of New York unequivocally held that "subject-matter jurisdiction over state-law contract-breach cases in the freight business no longer exists." See *GMG Transwest Corp. v. PDK Labs, Inc.* 2010 WL 3718888, (E.D.N.Y.,2010). Although Plaintiff avers that "the complaint invokes federal question jurisdiction under the Interstate Commerce Termination Act ("ICTA")," (ECF Doc. 24, Plaintiff's reply brief, page 7) Plaintiff fails to mention the authority cited by the *GMG Transwest* Court that "any federal cause of action for the collection of freight charges ceased to exist when the Interstate Commerce Commission, along with the regulation of freight tariffs, was eliminated."); *Cent. Transp. Intern.,* 356 F.Supp.2d 786,  790 (denying subject-matter jurisdiction in a collections case from a commercial carrier that was not required to file tariffs under the ICCTA [Interstate Commerce Commission Termination Act of 1995] because "actions seeking amounts due under filed tariffs present a federal question, while actions seeking amounts due under a tariff that is not filed, do not."); *Transit Homes of Am. v. Homes of Legend, Inc. (Transit Homes II),* 173 F.Supp.2d 1192, 1196 (N.D.Ala.2001) (denying subject-matter jurisdiction to a commercial carrier because, since the ICCTA, "the great majority of transportation of property by motor carrier in this country must ... occur pursuant to the terms of private contracts.").

Plaintiff's contention that the Court does, in fact, have personal jurisdiction over Defendant in spite of the state court dismissal because "the appointment of an agent of service of process by a foreign corporation in a forum state constitutes a submission and consent to the jurisdiction of the court in the forum state" (ECF Doc. 24, p.8) is supported only by cases from the Eigth Circuit, and fails to address a case on point from our own district in which Judge Chesler similarly disapproved

a case where "the non-movants' argument relies primarily on Eighth Circuit jurisprudence." *Davis v. Quality Carriers, Inc.* 2009 WL 1291985, 4 (D.N.J.) (D.N.J.,2009). Judge Chesler went on to say, "nothing in the language of § 13304 or the applicable USDOT regulations even suggests that a motor carrier or other covered entity submits to the jurisdiction of each state in which it designates an agent for service of process." Moreover, the Court's reasoning is instructive, since it explains that although the rationale for allowing nationwide service of process is important to protect the public, "this advantage to the public does not obviate the basic due process requirement of 'fair warning that a particular activity' may subject the motor carrier to one state's jurisdiction. The statute and its regulations, which are completely silent on the matter of personal jurisdiction, certainly give no warning." The Court therefore finds that the threshold questions of whether the Court has either subject matter or personal jurisdiction over this case must be answered in the negative. Lest there be any misunderstanding, the Court also holds that ""[w]here a court would lack subject matter jurisdiction over the case as pleaded in the proposed amendment, the court may deny leave to amend on the ground of futility." *Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.,* No. 03-CV-10312, 2005 U.S. Dist. LEXIS 19788 at 13-14, 1998 WL 1032164 (S.D.N.Y. Sept. 7, 2005). Moreover, the Court reminds Plaintiff of Judge Martini's words in *Alliance Shippers, Inc. v. Blue Line Distribution, Ltd.* 2010 WL 2951448, 3 (D.N.J.) (D.N.J.,2010), that "dismissal with prejudice is warranted here because no set of amended pleadings would cure the preclusive effect of the Superior Court's decision on the threshold issue(s)."

Defendant also requests that the Court dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) based on the doctrine of *res judicata.* It is well settled that "when an issue of fact or of law is actually litigated and determined by a valid final judgment, and determination of the issue was

9

essential to judgment, the determination on that issue is conclusive in a subsequent action between the parties, whether on the same or a different claim." *McNeil v. Owens–Corning Fiberglas Corp.,* 545 Pa. 209, 680 A.2d 1145, 1147–58 (Pa.1996), cited by *Kliesh v. Select Portfolio Servicing Inc.*, 2011 WL 989855, 2 (C.A.3 (Pa. (C.A.3 (Pa.),2011). Plaintiff's argument that the fact that the state court's dismissal of the complaint was without prejudice is dispositive is completely unavailing. Plaintiff has offered no evidence that Defendant's status in terms of its contacts with New Jersey has changed, other than to quote from Defendant's representation to "a federal Court in an unrelated case" that "Midland contracts with its customers to provide transportation of its customers' freight to locations across the United States." (ECF Doc. 24, Plaintiff's reply brief,  page 3). That general statement, out of context and admittedly unrelated to the case at bar, in no way changes the jurisdictional inquiry that the state court, on a motion for reconsideration, allowed the parties to engage in. Plaintiff's assertion that dismissal due to a lack of jurisdiction is not the same as an adjudication on the merits is legally and logically untenable. Once again, the Court repeats the words of Judge Martini, which by now ought to be familiar to Plaintiff, that "Alliance contends that because the State Court Action was dismissed on comity grounds, Alliance's substantive contractual claims were never decided, and accordingly, this was not a final adjudication on the merits. Alliance's contention is misplaced." Jurisdiction, both in terms of the subject and object of the litigation, is a threshold question. When jurisdiction is lacking, the entire case is a non-starter. It is akin to having a beautiful new car with a full tank of gas, but no keys with which to start the engine. No matter how meritorious the underlying claim may be, the Court is simply not in a position to hear it. Whether the Court makes this determination based on *res judicata*, or on the fact that there continues to be no personal jurisdiction over Defendant is immaterial. Plaintiff's request to transfer venue is also

denied because subject matter jurisdiction would be similarly lacking in any Federal court over what always was, and still is, essentially a state-law breach of contract action.

Defendant has also moved the Court for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Defendant makes a compelling case, noting the timing of this case immediately on the heels of Judge Martini's dismissal of a similar case on similar grounds. (See *Alliance Shippers, Inc. v. Blue Line Distribution, Ltd.* 2010 WL 2951448, 1 (D.N.J.) (D.N.J.,2010). Plaintiff's reply brief notably ignores the timing issue raised by Defendant. Although it is a close case, and although the Court notes that " the moving party is not required to make a showing of bad faith," *Martin v. Brown,* 63 F.3d 1252, 1264 (3d Cir.1995), the Court finds that the differences in Judge Martini's ruling as to the preclusive effect of a state law judgment dismissing the *Blue Line* case on the grounds of international comity are enough to raise an inference that Plaintiff did not realize that the exact same reasoning would be applicable to a case that was dismissed by the state court for lack of personal jurisdiction. Plaintiff's defense against Defendant's request for sanctions is instructive, as it asks the Court to "assess Alliance's determination to right a wrong." (ECF Doc. 24, Plaintiff's reply brief, page 26). Plaintiff seems to justify its conduct in bringing an identical action in Federal court without first considering the legal ramifications by urging the Court to believe that Defendant has similarly behaved badly by submitting false invoices. The Court cautions that the old adage, that two wrongs don't make a right, is as applicable here as it is in the schoolyard, and that Plaintiff's zealous advocacy does not allow it to abuse the judicial system, even if "it is not being presented for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation." (Fed.R. Civ. P. 11(b)(1)). Nonetheless, the Court hesitates to sanction Plaintiff's counsel in this matter because Plaintiff has presented a colorable, albeit flawed, argument for a finding that

11

the arguments raised, at least the underlying factual arguments related to the alleged breach of contract, are not frivolous. Moreover, the Court does not find sufficient evidence of "willful bad faith on the part of the offending attorney"*(see Overnite Transp. Co. v. Chicago Industrial Tire Co.,* 697 F.2d 789, 795 (7th Cir.1983)) to impose sanctions under 28 U.S.C. § 1927. Plaintiff suggests that "a formal admonition would be sufficient to prevent these types of pleadings without first making a thorough inquiry to ensure they are well-grounded procedurally." (ECF Doc. 24, Plaintiff's reply brief, page 26). The Court both hopes and expects that even without such a formal admonition or the imposition of monetary sanctions, Plaintiff will be sufficiently on notice that the indiscriminate pursuit of litigation, no matter how virtuous the underlying cause may be, can not be allowed to ride roughshod over the necessary jurisdictional requirements that are part of the foundation of our rule of law.

## IV.    **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is **granted** with prejudice, but this Court declines to impose sanctions pursuant to Fed. R. Civ. P. 11(b) or 28 U.S.C. § 1927. Defendant's motion for sanctions is **denied**. An appropriate order follows this Opinion.


S/Dennis M. Cavanaugh
DENNIS M. CAVANAUGH, U.S.D.J.


Date:    May __13___, 2011
cc:      Hon. Joseph A. Dickson, U.S.M.J.
         Counsel of Record
         File

12